**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1849

JASON SELIGMAN,

Plaintiff - Appellant,

versus

DAVID I. TENZER; GLENN, FELDMANN, DARBY &
GOODLATTE, PC; dba GLENN, FELDMANN, DARBY &
GOODLATTE,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James P. Jones, Chief District
Judge. (CA-04-44)

Submitted: March 21, 2006          Decided: March 31, 2006

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Neal L. Walters, SCOTT/KRONER, P.L.C., Charlottesville, Virginia,
for Appellant. Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE,
Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This appeal arises from a corporate governance dispute in which Mason Cass and Bryant Cass, principals of the corporation, Adventis, Inc. ("Adventis"), ousted the third principal, Jason Seligman. Disgruntled with his termination from Adventis, Seligman first filed suit in Virginia state court against the Casses and Adventis and settled the dispute. Seligman then filed this diversity malpractice action against David I. Tenzer and the law firm, Glenn, Feldmann, Darby & Goodlatte, P.C. ("GFDG") (collectively, "defendants"), who had drafted the papers necessary to incorporate Adventis. The district court granted defendants' motion for summary judgment and denied Seligman's motion for voluntary dismissal or a continuance. We now affirm.

I.

In 1999, the Casses invited Seligman to join their pre-existing partnership, which advertised the sale of used cars over the Internet. Shortly thereafter, the three men dissolved the partnership and formed a new entity, Independent Systems, LLC ("LLC"). In early 2002, the LLC's accountant advised the three principals to reincorporate the LLC as an S-type corporation, so that they could avoid self-employment taxes.

Consequently, Seligman contacted Tenzer to discuss the conversion. The parties agreed to reincorporate the LLC as an S-

2

type corporation under a new name, Adventis, and to consider themselves employees, rather than members, of Adventis. Seligman alleges that, despite these changes, the three principals sought to preserve the unanimity rule, which had governed their relationship under the LLC.

At a meeting held on March 29, 2002, Tenzer told Seligman and the Casses that the corporation could not function by the unanimity rule and urged them to adopt a majority rule of decisionmaking. Although Tenzer further encouraged the principals to adopt immediately the drafted shareholder and employment agreements, the principals directed him to complete the conversion by March 31, 2002 and to defer the remaining agreements. However, Seligman and the Casses orally agreed that two of the principals could terminate the third, but only for cause.

Immediately after the conversion, the principals suffered a falling out, and the Casses fired Seligman. Seligman filed suit in Virginia state court against the Casses and Adventis, asserting state law claims of oppression, breach of fiduciary duty, fraud, and mismanagement of corporate assets. On March 26, 2003, the parties executed a settlement agreement, under which Seligman received, among other things: (1) a yearly compensation package that included $120,000 in salary, full health benefits, and car allowance for five years; and (2) a one-time $100,000 dividend

payment.  Although Seligman retained a one-third ownership in Adventis's stock, he did not regain a managerial role in Adventis.

In January of 2004, Seligman filed the instant legal malpractice action in Virginia state court against defendants, alleging that defendants' failure to protect him during the conversion caused his diminished bargaining power within Adventis. Defendants removed the action to federal district court and moved for summary judgment after extensive discovery.  In connection with his opposition to defendants' motion, Seligman filed a motion to continue the trial date, which was denied.  Seligman then moved to dismiss his complaint without prejudice, or alternatively, for reconsideration of his original motion for a continuance.  The district court granted defendants' motion for summary judgment and denied both of Seligman's motions.

## II.

### A.

We first review de novo the district court's decision to grant defendants' motion for summary judgment.  Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any

4

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although we view the facts and inferences drawn therefrom in the light most favorable to Seligman, the non-moving party, he nevertheless has the ultimate burden of demonstrating a genuine issue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002).

To state a cause of action for legal malpractice under Virginia law, the plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately caused by the breach. Rutter v. Jones, Blechman, Woltz & Kelly, P.C., 568 S.E.2d 693, 695 (Va. 2002). Setting aside the issues of whether Seligman established an attorney-client relationship and breaches arising thereunder, we find that Seligman failed to meet his burden with respect to damages. Seligman already received compensation for his claimed injury--i.e., diminished bargaining power within Adventis, the new corporation, following his termination--from the Casses and Adventis in a prior lawsuit. Because Seligman made no distinction between the damages caused by the Casses' decision to fire him and the damages caused by defendants' alleged legal malpractice, we conclude that he suffered a single, indivisible injury, for which he had one cause of action. Cox v. Geary, 624

5

S.E.2d 16, 20 (Va. 2006) (the plaintiff suffers a single, indivisible injury where he fails to distinguish between damages arising from separate and independent acts of negligence); Dwyer v. Yurgaitis, 294 S.E.2d 792, 794 (Va. 1982) (although the plaintiff sustained injuries in two separate collisions, she suffered a single, indivisible injury because she failed to segregate the damages). Thus, having received compensation for all of the damages related to his termination, Seligman is precluded from seeking further recovery from defendants. Cox, 624 S.E.2d at 19 ("It is a generally recognized principle that there can be only one recovery of damages for a single wrong or injury."); id. at 23 (the plaintiff, who had been wrongfully imprisoned, could not attain further relief from the attorneys defending him in the criminal proceedings based on legal malpractice claims, where he had already recovered damages related to his wrongful imprisonment from the Commonwealth). Accordingly, we affirm the district court's decision to grant summary judgment to defendants.

B.

We next review the district court's decision to deny Seligman's motion for voluntary dismissal of the action pursuant to Fed. R. Civ. P. 41(a)(2) or a continuance pursuant to Fed. R. Civ. P. 7 under the abuse of discretion standard. Ellett Bros., Inc. v. United States Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001);

6

<u>United States v. Speed</u>, 53 F.3d 643, 644 (4th Cir. 1995). Seligman filed the motions for voluntary dismissal or a continuance after the close of discovery, after defendants had already filed their motion for summary judgment, and within three weeks of the scheduled trial date. Given the advanced stage of the proceedings, we perceive no error in the district court's decision to deny Seligman's efforts to prolong the litigation. <u>See</u> <u>Paturzo v. Home Life Ins. Co.</u>, 503 F.2d 333, 335 (4th Cir. 1974) (no abuse of discretion in denying motion for voluntary dismissal in light of the advanced stage of litigation). Accordingly, we affirm the district court's denial of the motions.

## III.

The district court's dispositions of the motion for summary judgment and the motion for a voluntary dismissal or continuance are therefore affirmed.

<u>AFFIRMED</u>

7