## CIRCUIT COURT OF NELSON COUNTY

Peter Campbell

    v.

Bernard F. Mahan et al.

              Case No. CL06000095

Rebecca Dian Howe

    v.

Bernard F. Mahan et al.

              Case No. CL06000096

BY JUDGE J. MICHAEL GAMBLE

July 17, 2006

I am writing this letter to rule on the demurrer of Timothy I. Kelsey and Boyle, Bain, Reback & Slayton ("Boyle"). In this regard, I sustain the demurrer as to Count V in each complaint and as to the claim for punitive damages in each complaint.

The allegations in these complaints arise from the employment of Kelsey, an attorney in the Boyle firm, to represent the plaintiffs in a real estate transaction to purchase the real estate of the Mahans. Basically, the allegations in the complaint state that Kelsey failed to give to the plaintiffs a copy of the termite report at the closing. This report indicated termite infestation in the home being purchased. The Mahans discovered this infestation and related damage

subsequent to the closing of the transaction. Under the allegations, Kelsey initialed the report subsequent to the closing. Also, Kelsey failed to comply with the initial requests by the plaintiffs for a copy of the termite report.

Counts II and IV (there is no Count III) of the complaints assert the expected legal malpractice and breach of contract claims against Kelsey and Boyle. Count V, however, alleges that Kelsey concealed the termite documents of the plaintiffs. Further, in the prayer for relief the plaintiffs seek punitive damages.

It is clear that an action for the negligence of an attorney in the performance of professional services is an action for breach of contract that sounds in tort. *Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398 (1976). Without the contractual relationship, the attorney owes no duty to the client. *O'Connell v. Bean*, 263 Va. 176, 180, 556 S.E.2d 741 (2002). It is this contractual relationship that creates the duty of the attorney to exercise a reasonable degree of care, skill, and dispatch in the business for which the attorney is employed. *O'Connell*, 263 Va. at 181 (quoting *Ortiz v. Barrett*, 222 Va. 118, 126, 278 S.E.2d 833 (1981)).

Under the allegations in these complaints, an attorney-client contractual relationship between the plaintiffs and Kelsey and Boyd is specifically pleaded. It is the duty of care and skill arising from this relationship that was allegedly breached by the attorney's failing to furnish the plaintiffs with a copy of the termite report. Any subsequent actions by Kelsey and Boyle in failing to furnish the report are not separate from the attorney-client contractual relationship. There is only one injury, that injury arising from the alleged failure to furnish the termite report at closing.

As stated by the Supreme Court of Virginia, "[I]n determining whether a cause of action sounds in contract or tort, the source of the duty violated must be ascertained." *Richmond Metropolitan Auth. v. McDevitt*, 256 Va. 553, 558, 507 S.E.2d 344 (1998). Further, where a single, indivisible injury occurs, there is only one recovery. *Cox v. Geary*, 271 Va. 141, 154, 624 S.E.2d 16 (2006). In the instant case, there is only one injury, and that injury arises out of a breach of contract.

Punitive damages are not recoverable in this case. It is the general rule that punitive damages are not allowed in breach of contract cases. *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514 (1983) (quoting *Goodstein v. Weinberg*, 219 Va. 105, 109, 245 S.E.2d 140 (1978)). The only exception to this rule is in cases where the breach of contract amounts to an independent, willful tort. *Id.* at 707. In the case at bar, there is no independent tort. The single indivisible injury comes from the failure to disclose the termite report at closing pursuant to a contractual attorney-client relationship.

In summary, Counts I, II, and IV state a cause of action. Count V and the prayer for punitive damages does not state a cause of action.

March 21, 2007

I am writing to rule on the plea in bar of John Koski in these cases. The plea in bar is granted and John Koski is dismissed as a defendant.

John Koski performed a building inspection of the house that is the subject of these proceedings. He entered into a pre-inspection agreement with Peter Campbell, a co-owner of the real estate. A copy of this agreement was attached to the responsive pleadings of John Koski and filed as Exhibit 3 in the plea in bar hearing. The pre-inspection agreement controls the ruling in this case.

Under the facts set forth in the complaints, the plaintiffs purchased a house in the Afton/Wintergreen area of Nelson County. Prior to the closing, a termite inspection and separate building inspection was performed. Subsequent to the closing, termites were found in the house together with alleged structural damage to the house from the termites. The plaintiffs filed separate suits against the previous owners and the lawyer and law firm that closed the transaction. Thereafter, the plaintiffs filed an amended complaint and named John Koski as a defendant. The amended complaint alleges that Koski was negligent in performing the inspection.

In his plea in bar, Koski states that he is not liable as a result of the provisions of the pre-inspection agreement. This agreement excludes liability for latent or concealed defects, termites, and damages for unreported defects.

The complaint and amended complaint filed by the plaintiffs clearly alleges that the damage in this case resulted from termites. The pre-inspection agreement excludes termites from the inspection. There is no allegation in the pleadings or evidence presented at the plea in bar hearing to indicate that actual damage to the building from the termites could be seen by a visual observation. In fact, the allegations indicate that the damage can only be found by taking apart the structure. (Paragraph 22, Amended Complaint.) In fact, one of the owners did not know that there may be damage until he heard debris falling within the wall while attempting to hang a picture. (Paragraph 17.)

At the plea in bar hearing, Koski submitted a copy of his building analysis report. It was thorough and clear.

The plaintiffs cited *Ash v. All Star Lawn & Pest Control, Inc.*, 256 Va. 520, 525, 506 S.E.2d 540 (1998), for the proposition that a broad and generalized disclaimer in a termite inspection report does not automatically insulate the inspector from liability. While this court agrees that a broad and

generalized disclaimer in an inspection report does not automatically insulate an inspector from contractual liability, that is not controlling in this case. In this case, Koski clearly made a thorough report of his visual observations. By his contract, he was not required to provide any termite analysis. Under the allegations and evidence there was no structural damage visible. Accordingly, the disclaimers in the pre-inspection agreement are controlling in this case.

Mr. Main is directed to prepare the order granting the plea in bar.

April 14, 2008

I am writing to rule on the motion for summary judgment of Bernard F. Mahan and Lori A. Mahan. The motion for summary judgment is granted.

Summary judgment may be granted to a party when no genuine issue of material fact remains in dispute. *Andrews v. Ring*, 266 Va. 311, 318, 585 S.E.2d 780 (2003); *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218 (1993). When summary judgment is granted, it must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to request for admissions. *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189 (1993).

This case involves a claim for damages resulting from termites in a house that the Mahans sold to the plaintiff. In Count I of the amended complaint, the following is alleged: the Mahans knew of the infestation, they knew or should have known that repairs had been performed on the basement sole plate, that they had a duty to disclose the repairs to the sole plate to the plaintiff, and that the plaintiff was damaged.

The Supreme Court has held that "concealment, whether accomplished by word or conduct, may be the equivalent of a false representation, because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth." *Spence v. Griffin*, 236 Va. 21, 28, 372 S.E.2d 595 (1988); *Van Deusen v. Snead*, 247 Va. 324, 328, 441 S.E.2d 207 (1994); *Norris v. Mitchell*, 255 Va. 235, 240, 495 S.E.2d 809 (1998). Citing the comment to *Restatement Second of Contracts* § 160 (1979), the Supreme Court noted that "concealment is an affirmative act intended or known to be likely to keep another from learning of a fact which he would otherwise have learned." *Van Deusen*, 247 Va. at 329.

The amended complaint incorporates a report by Mountain Construction dated December 1, 2005. This report indicates that, pursuant to the inspection, it was apparent that a section of the sole plate had been removed and a new portion "scabbed in." Nothing in the allegations of the amended complaint or the report of Mountain Construction indicated that

there was any deliberate act on behalf of the Mahans to conceal the repairs to the sole plate. In fact, Mountain Construction was able to observe these repairs from inside of the basement.

Proof of misrepresentation by nondisclosure requires a knowing and deliberate decision not to disclose a material fact. *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 714, 553 S.E.2d 714 (2001). There are no allegations of any knowing and deliberate effort to hide, conceal, or failure to disclose repairs to the sole plate. Mountain Construction easily found these repairs by visible observation while inspecting the basement. Accordingly, the motion for summary judgment is granted.