# CIRCUIT COURT OF THE CITY OF NORFOLK

City Center Plume
Associates, L.L.C.

v.

Bernstein Berenguer, L.L.C., et al.

November 29, 2006

Case No. (Civil) L06-4024

BY JUDGE JUNIUS P. FULTON, III

The Court has heard argument on the Demurrer and Motion to Dismiss filed by defendant Stanley Bernstein. In consideration of this matter, the Court has considered the Memoranda in Support and Opposition thereto, the applicable case law, and the arguments of counsel.

In challenging the pleading filed by plaintiff City Center Plume Assocs., L.L.C., as failing to state a cause of action upon which relief can be granted, the defendant points to the undisputed fact that plaintiff has already received payment of $33,500.00 under the Guaranty from co-guarantor, Thomas J. Berenguer.

The co-guarantors in this case, Berenguer and Bernstein are jointly and severally liable for one year's rental payment. The Guaranty states, "The maximum amount of the Guaranty during the lease will be for one year's rental payment during that year." Thus, the payment by Berenguer made in connection with the Guaranty provided the maximum payment permitted under the Guaranty.

*Black's Law Dictionary* defines joint and several liability as "the liability of co-promisees of the same performance when each of them, individually, has a duty of fully performing the obligation, and the obligee can sue all or any of them upon breach of performance." *Black's Law Dictionary,*

p. 837. Significantly, the term "performance" referred to in the definition is singular and not plural. The *Restatement Second of Contracts* describes a similar meaning. "Unless a contrary intention is given, a promise by two or more promisors is a promise that the *same performance* shall be given." *Rest. 2d. of Contracts* § 288. The situation in the instant case can be likened to the Restatement's Illustration # 1: "A, B, and C sign a paper reading 'each of us guarantees to D that he shall be duly repaid $100, which he has lent E.' A, B, and C promise the same performance, the payment of the whole sum of $100, to D. *Performance by one of them discharges the duties of the others to D,* though the guarantors who have not paid may be liable for contribution to the one who pays" (emphasis added).

It would appear that City Center is trying to have the Guaranty satisfied twice. Virginia law provides that "it is a generally recognized principle that there can be only one recovery of damages for a single wrong or injury." *Cox v. Geary*, 271 Va. 141, 147-48 (2006). The release provided to Dr. Berenguer for the payment of the maximum amount due under the Guaranty operates as a release to Dr. Bernstein as well. The Supreme Court of Virginia has explained that "it is well settled in this jurisdiction that a release of one jointly liable for a wrong will operate as a release for all other wrongdoers liable for the same injury. This is true even if the release itself contains a statement reserving the right of action against other wrongdoers." *McLaughlin v. Siegel*, 166 Va. 374, 377-78 (1936).

The Court also finds that the language contained in the Guaranty which caps the recovery, encompasses the entire Guaranty. There is no language contained in the guaranty which would require a different interpretation as suggested by City Center nor would the Court read a limitation into this contract when the contract itself does not otherwise require it. *Looney v. Belcher*, 169 Va. 160, 174 (1937) ("The parties affected by the contract which we have considered could have inserted therein plain words of limitation and condition, but they did not choose to do so. We cannot, by construction and interpretation, import these words and effect a significance which they did not elect to consummate.").

Consequently, Bernstein's Demurrer is well taken and will be sustained. Counsel for Bernstein will prepare an order consistent with the foregoing. The order should dismiss Count II for enforcement of the Guaranty against Dr. Bernstein with prejudice.