# CIRCUIT COURT OF THE CITY OF NORFOLK

Samantha E. Heare

v.

MacKenzie Porreca

March 25, 2011

Case No. (Civil) CL10-39

BY JUDGE LOUIS A. SHERMAN

## I. *Background*

This case arises out of a motor vehicle/bicycle collision which occurred on September 19, 2005. Plaintiff filed suit on September 13, 2007, alleging that she sustained injuries as a result of Helen Sawyer's negligently operating a motor vehicle which collided into the plaintiff, who was riding on a bicycle at the time of impact.

Prior to the commencement of the present case, plaintiff brought suit on January 31, 2007, in the Circuit Court of Virginia Beach, styled *Samantha E. Heare v. Melissa Mae Celentano and Jodel Liebold*, Case No. CL07-682, involving a *prior* motor vehicle accident on February 1, 2005, in which she also claimed personal injuries. In the prior litigation Plaintiff received a settlement of $35,000 for injuries sustained in the February 1, 2005, accident. Plaintiff executed a release of those defendants and their insurers (Progressive Insurance and USAA) in February 2008, and a Dismissed Agreed Order was entered on February 28, 2008, by the Virginia Beach Circuit Court.

The parties agree that many of the medical bills that the plaintiff submitted for recovery as a result of the February 1, 2005, accident are also being submitted for recovery in the present case.

Defendant has filed a motion *in limine* to exclude "any and all medical bills previously submitted" by the plaintiff in the prior settled lawsuit, contending that the plaintiff claimed those medical bills as part of her accident-related injuries in the first accident and that the settlement of that claim precludes her from recovering twice for those same medical

bills in the present case. Plaintiff, in response, contends that she suffered a single, indivisible injury from both accidents and that this Court should allow into evidence all the overlapping bills for the plaintiff's medical care and let a jury determine how to apportion an award of damages between the first and second accidents. Plaintiff has also moved *in limine* to exclude references to her claim, lawsuit, and settlement arising out of the February 1, 2005, accident.

## II. *Medical Bills in Question*

### A. *Medical Bills Not Disputed*

There is no dispute between the parties as to the following medical bills being related to the present litigation:

1. Department of Emergency Medical Services – September 19, 2005. No charge.

2. Sentara Leigh Hospital Emergency Room – September 19, 2005. Charge of $643.00

3. Emergency Room Physicians of Tidewater – September 19, 2005. Charge of $105.00.

4. Tidewater Family Practice – September 19, 2005, through October 7, 2005. Charges of $298.00.

5. Prescriptions – Charges of $306.12.

### B. *Disputed Medical Bills*

The following medical bills are disputed by the parties:

1. Medical Center Radiologists – September 23, 2005, and December 15, 2005. Charges of $688.00.

2. Orthopedic Associates of Virginia – October 28, 2005, through December 9, 2005. Charges of $138.00.

3. Advanced Pain Management – December 14, 2005, through April 20, 2009. Charges of $8,997.62.

4. MRI & CT Diagnostic – June 11, 2008; August 2, 2006; October 17, 2008; December 26, 2008; and January 5, 2007. Charges of $6,150.00.

5. The Therapy Network – September 19, 2005, through November 15, 2007. Charges of $12,489.50.

## III. *Analysis*

With regard to the disputed medical bills, totaling $28,463.12, Defendant asserts that, in the case arising out of the February 1, 2005, accident, Plaintiff in her deposition on September 6, 2007, stated under oath

that the only injury she sustained in the September 19, 2005, accident was an abrasion to the left knee and some general aches and pains. Likewise, in her Answer to Interrogatory No. 16, Plaintiff stated under oath:

> Regarding the September 19, 2005, incident [the present case], the plaintiff has a small laceration and discomfort in the left knee where the vehicle bumped her. MRI's taken after September 19, 2005, showed no change in prior MRI's taken after the collision which is the subject of this [February 1, 2005] litigation.

Despite these statements under oath from the first accident, Plaintiff in the present case, in answering Defendant's request for discovery, responded under oath to interrogatories that she now claims $30,292.24 in medical expenses related to the second accident, many of which had been submitted in the previously settled case which was dismissed agreed. Therefore, Defendant argues that Plaintiff should be barred from submitting in this case the same medical bills that she had previously submitted and was compensated for in the first case.

Plaintiff argues that the medical conditions relating to the first accident (low back symptoms, right hip symptoms, and neck symptoms) had improved, but that the second accident "aggravated" those pre-existing injuries. Plaintiff relies on the medical records of Drs. Davis and Wagner, which note that the plaintiff complained of increased symptoms of prior low back and neck pain, with the additional complaint of bilateral knee pain. Plaintiff contends that, as the injuries from both accidents are indivisible, she should be allowed to submit into evidence all of her medical bills after the September 19, 2005, accident, even those which formed the basis for the $35,000 settlement of her first accident; and that a jury in the present case should make the determination as to how damages should be apportioned between the first and second accidents.

Assuming for the purposes of Defendant's motion *in limine* that Plaintiff has a viable claim for an indivisible injury, Virginia courts do not permit an injured party to recover twice for the same damages against two defendants for an indivisible injury.

In *Cox v. Gerry*, 271 Va. 141 (2008), the Virginia Supreme Court held that there can only be one recovery for damages for a single injury. *Id.* at 19. In *Cox*, the plaintiff recovered from the Commonwealth of Virginia on his claim for wrongful incarceration. He thereafter made another claim against his former counsel for legal malpractice. The Court held that the plaintiff's release of and settlement with the Commonwealth barred his claim for a second recovery against his former counsel, regardless of the theory on which the later claims is based. *Id.* at 154.

In *Cauthorne v. British Leyland*, 233 Va. 202 (1987), the Virginia Supreme Court refused to allow the plaintiff's product liability claims against the manufacturer and car dealer where the passenger plaintiff had already recovered damages for the same injuries and medical expenses against the drivers of the vehicles involved in the accident. The Court ruled that the injuries and medical bills claimed in the second products liability claims were the same for which the prior compromise settlement provided compensation for the plaintiff. The Court held that, while there may have been more than one cause of action for the plaintiff's injuries, her injury constituted a single indivisible claim for which she was entitled to but one recovery. *Id.* at 207.

In *Dickerson v. Tabb*, 208 Va. 184 (1907), the Virginia Supreme Court did allow recovery against two individual tortfeasors, where the plaintiff was injured in a motor vehicle accident in which he was struck separately by two defendants within a brief period of time the same night. The Court in *Dickerson* upheld a jury verdict finding both defendants jointly and severally liable for an indivisible injury *in one lawsuit*. Thus, where courts have permitted recovery against separate tortfeasors, they have been joined in one lawsuit and either have a joint and several verdict for damages or individual verdicts against each defendant for his or her share of the respective damages, thereby avoiding the possibility of a double recovery. There is no reported case this Court is aware of where a plaintiff has been allowed a double recovery for the *same medical expenses* against separate defendants in separate cases for separate motor vehicle cases occurring approximately eight months apart.

Plaintiff relies upon the case of *Landers v. East Texas Saltwater Disposal Co.*, 248 S.W.2d 731 (1952). However, this case does not support the plaintiff's position here. The accidents and damages in *Landers* both arose on the same day, April 1, 1949, that each defendant's respective pipeline broke and damaged the plaintiff's property. The *Landers* court held:

> Where the tortious acts of two or more wrongdoers joined to produce an indivisible injury . . . all of the wrongdoers will be held *jointly and severally liable for the entire damages* and the injured party may proceed to judgment against any one separately or against all *in one suit*.

*Id.* at 743 (emphasis added).

*Landers* does not stand for the proposition, however, that a plaintiff, on the theory of indivisible injury, may recover the same damages twice against two separate defendants in two separate lawsuits. *Landers* supports the reasoning of the Virginia Supreme Court in *Dickerson v. Tabb, supra*, that tortfeasors may be held jointly and severally liable for the entire

damages incurred by a plaintiff. The plaintiff may not, however, claim the same damage against two wrongdoers in two separate suits and collect twice for the same injuries and damages.

## IV. *Medical Expenses That May Be Presented to a Jury*

Based on the foregoing analysis, this Court will allow the following medical expenses to be submitted to a jury in this case.

1. Department of Emergency Medical Services – September 19, 2005. No charge.

2. Sentara Leigh Hospital Emergency Room (Stewart Martin, M.D.) – September 19, 2005. Charge of $643.00 is allowed.

3. Emergency Room Physicians of Tidewater (Mark Lichtenstein, M.D.) – September 19, 2005. Charge of $105.00 is allowed.

4. Tidewater Family Practice (Kenneth B. Davis, M.D.) – September 19, 2005, through October 7, 2005. Charges of $298.00 are allowed.

5. Orthopedic Associates of Virginia (John S. Wagner, M.D.) – Visits of October 28, 2005, and December 9, 2005, regarding the second accident. Charges of $138.00 are allowed.

6. Advanced Pain Management (Robert M. Spear, D.O., and Leigh Everett, P.A.). Charges of $2,591.00 are allowed as this amount was not submitted with regard to the first accident, and evidence in the record indicates that at least part of Dr. Spear's consultations with and care of the plaintiff concerned the second accident. Moreover, the time period the plaintiff is claiming for these medical expense extends beyond the time period for the bill submitted for the first accident.

7. The Therapy Network (Laurie Johnson, P.T., and Jennifer Charlton, L.P.T.A.) – December 19, 2005, through November 12, 2007. Charges of $1,747.00 will be allowed as this amount was not submitted with regard to the first accident and evidence in the record indicates that at least a portion of the plaintiff's physical therapy visits relate to the second accident. Again, the time period the plaintiff is claiming for these medical medial expenses extends beyond the time period for the bill submitted for the first accident.

8. Prescriptions totaling $306.12 are admissible.

The total amount of medical expenses which may be submitted to a jury in this case is $5,828.74.

The total amount of medical expenses which are denied is $24,463.50, as these same expenses were previously submitted for recovery in the first accident, and the plaintiff received $35,000.00 in a settlement from other defendants who were released from further liability when that case was dismissed.

## V. *Plaintiff's Motion in Limine*

Plaintiff has filed a motion in limine to exclude references by Defendant to Plaintiff's claim, lawsuit, and settlement arising from the February 1, 2005, accident.

This motion is denied as plaintiff's claim of indivisible injuries from the first and second accidents clearly makes *both* accidents and the damages claimed by Plaintiff highly relevant in this case.

## VI. *Conclusion*

For the reasons set forth in this letter the Court will allow the sum of $5,828.74 to be submitted to a jury, assuming that Plaintiff is able to prove her case with sufficient evidence on the issues of liability and causation. The remaining medical bills claimed by Plaintiff, totaling $24,463.50, may not be submitted to a jury. Additionally, this Court has denied Plaintiff's motion *in limine* to exclude references by Defendant to Plaintiff's claim, lawsuit, and settlement arising from the February 1, 2005, accident.