## Norfolk

FRANCIS LEON HARREL

v.

ANNETTE POWELL PRESTON

No. 1768-91-1

Decided September 29, 1992

COUNSEL

John R. Lomax (Fine, Fine, Legum & Fine, on brief), for appellant.

Edward F. Halloran, for appellee.

OPINION

**BENTON, J.**—Francis Leon Harrel appeals from the decision of the trial judge entering a direct payment order against his naval pension for support arrearages due his former wife, Annette Powell Preston. Harrel contends that the trial judge erred in finding (1) that the court obtained personal jurisdiction over him, (2) that the case was appropriate for a direct payment order, and (3) that the wife's attorney's fees of $2500 should be charged to Harrel. We reverse the judgment and dismiss the action.

## I.

In 1976, the parties were granted a divorce by decree of the circuit court. The decree affirmed, ratified, and incorporated the parties' separation agreement, which, among other things, fixed child support for each of the three minor children at $100 a month per child and spousal support at $600 a month. When the decree was entered, however, the child support payments were reduced by the circuit judge to the sum of $50 a month per child. The decree also transferred the matter to the Juvenile and Domestic Relations District Court for enforcement, modification, or revision, all matters pertaining to spousal support, child support, and custody of the children.

Fourteen years later, on April 11, 1990, Preston filed an affidavit with the juvenile court claiming an arrearage of $84,316.77. On May

30, 1990, Preston filed a document styled Notice and Petition for Entry of Spousal and Child Support Employer Direct Pay Order. The record also contains a document styled "Proof of Service," which states that "a true copy of the Notice of Entry of Spousal and Child Support Employer Direct Pay Order with attached Affidavit" was delivered to Harrel in Tulsa, Oklahoma. Stapled to the "Proof of Service" is a draft of a proposed order determining the amount of support owed by Harrel and ordering direct payment from Harrel's retirement pay.

Harrel made a special appearance in the juvenile court to contest jurisdiction. The juvenile court judge overruled his plea to jurisdiction and stated that Virginia continued to have jurisdiction over this matter because "the parties were divorced in Virginia, the Virginia court had personal jurisdiction over [Harrel] at that time, [Preston] effected personal service . . . upon [Harrel] in Oklahoma, that the court has continuing jurisdiction over [Harrel] and that the service of process was valid." The juvenile court judge entered judgment against Harrel for $84,316.74 in arrearages and $1,000 in attorney's fees. However, the juvenile court judge's order did not contain a provision allowing a deduction against Harrel's naval retirement pay.

Preston noted an appeal to the circuit court. Harrel again made a special appearance to contest jurisdiction. Harrel's jurisdiction plea was overruled. After a hearing, the circuit judge ordered Harrel to pay $84,316.77 in arrearages, ordered that the arrearages were subject to a direct pay order as allowed by Code § 20-79.1, and ordered Harrel to pay $2,500 of Preston's attorney's fees.

II.

█ It is well settled that a plaintiff is not entitled to "a judgment *in personam* to extra-territorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound." *May v. Anderson*, 345 U.S. 528, 533 (1953). Therefore, we must first consider Harrel's claim that Virginia courts did not obtain jurisdiction over his person because of faulty service of process.

█ A court in Virginia may exercise personal jurisdiction over a person who has:

> (i) executed an agreement in this Commonwealth which obligates the person to pay spousal support or child support to a domiciliary of this Commonwealth, . . . [or] (ii) been ordered to pay spousal support or child support pursuant to an order entered by

any court of competent jurisdiction in this Commonwealth having *in personam* jurisdiction over such person.

Code § 8.01-328.1(A)(8) (emphasis added). However, at the time this matter was instituted in the juvenile court in 1990, "[j]urisdiction in subdivision 8(i) [and] 8(ii) [of Code § 8.01-328.1(A)] . . . [was] valid only upon proof of service of process pursuant to [Code] § 8.01-296 on the nonresident party by a person authorized under the provision of [Code] § 8.01-320." Code § 8.01-328.1(A)(9).

> Personal service of a process on a nonresident person outside the Commonwealth may be made by: (i) any person authorized to serve process in the jurisdiction where the party to be served is located; or (ii) any person eighteen years of age or older who is not a party or otherwise interested in the subject matter of the controversy and notwithstanding any other provision of law to the contrary, such person need not be authorized by the circuit court to serve process which commences divorce or annulment actions.

Code § 8.01-320(A). Harrel contends that the record fails to establish that the service of process complied with these statutes.

Under Okla. Stat. tit. 12, § 2004(C)(1)(A) (1988), "a sheriff or deputy sheriff, a person licensed to make service of process in civil cases, or a person specifically appointed for that purpose" may serve process in a civil case. The record contains an affidavit entitled "Proof of Service" which indicates that "Yvette D. Cox" made "personal service of Francis Leon Harrel" on June 5, 1990 at 11:30 a.m. at 5333 South Hudson Place in Tulsa, Oklahoma. On that affidavit, the phrase "P.SL 89-128" was written next to Cox's signature.

The record does not contain any evidence that Cox was a sheriff, a deputy sheriff, a person licensed to make service of process in a civil case, or specially appointed to serve process. The writing, "P.SL 89-128," which follows Cox's name is unexplained. Preston asserts that those items represent Cox's license. However, nothing in the affidavit states that it is her licensing number or states Cox is licensed to make service of process. Nothing in Oklahoma's statutory scheme explains the significance of that phrase. In the absence of evidence in the record stating Cox's qualifications, the trial judge had no basis upon which to conclude that Cox was authorized to make service of process in Oklahoma. Accordingly, we hold that the record does not prove that

proof of service was made in Oklahoma by a person authorized to serve process by Oklahoma's statutory scheme.

■ Code § 8.01-325 requires that when notice is served by someone other than a police officer, that person shall return proof of service *whether the service is made inside or outside the Commonwealth*, which must include an affidavit stating that person's qualifications, the date of service, the manner of service, and the name of the person served. Nothing in the record established that Cox was licensed as a personal process server in Oklahoma or that she was over eighteen years of age, not a party, or not interested in this action. *See* Code §§ 8.01-328, 8.01-325, and 8.01-293. Thus, the proof of service failed to establish Cox was qualified to serve process under Virginia's procedural requirements. "A court acquires no jurisdiction over the person of a defendant until process is served in the manner provided by statute." *Slaughter v. Commonwealth*, 222 Va. 787, 791, 284 S.E.2d 824, 826 (1981). Because service of process was invalid, the court did not acquire personal jurisdiction over Harrel. *Id.* at 792, 284 S.E.2d at 826.

The direct payment order and related attorney's fees order were incidental to and dependent upon the adjudication of arrearages and, thus, entered without the requisite personal jurisdiction. For these reasons, they also are invalid.

*Reversed and dismissed.*

Koontz, C.J., and Bray, J., concurred.