Present:  Carrico, C.J., Lacy, Hassell, Keenan, Kinser, and
Lemons, JJ., and Whiting, S.J.

MARJORIE A. O'CONNELL                          OPINION BY
                                      SENIOR JUSTICE HENRY H. WHITING
v.  Record No. 002900                      January 11, 2002

DEBORAH L. BEAN

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                         Henry E. Hudson, Judge

     This appeal raises jurisdictional and punitive damage

issues.

     Marjorie A. O'Connell, an attorney, represented Deborah L.

Bean in a divorce suit filed in Virginia.  Bean discharged

O'Connell as her attorney, obtained other counsel, and later

filed this action against O'Connell.

     Bean's four-count motion for judgment alleged professional

negligence, actual fraud, constructive fraud, and breach of

fiduciary duty.  Process was served on the Secretary of the

Commonwealth (the Secretary) as statutory agent of O'Connell, a

non-resident of Virginia, under the provisions of Code § 8.01-

329 (the service provision of the Long-Arm Statute, Code § 8.01-

328.1).

     When O'Connell failed to file responsive pleadings within

the required time, Bean obtained a default judgment against her

on the issues of liability.  In a later jury trial limited to

the damage issues at which O'Connell did not appear, Bean

obtained an award of $400,000 in compensatory damages and

$350,000 in punitive damages upon which a final judgment was entered.

According to O'Connell, she discovered that the action had been filed and that the judgments had been entered when a newspaper reporter called her for comment. In a special appearance four days after the entry of the final order, O'Connell filed a motion to vacate that order, to set aside the default judgment, and to quash service of process. Seven days later, the court entered an order suspending the final judgment pending further proceedings.

Although the court later denied O'Connell's motion to vacate the default judgment as to liability, it set aside the judgment as to damages and fixed that issue for a jury trial in which both parties participated. The court entered final judgment on the jury's award of $71,535.68 in compensatory damages and $110,000 in punitive damages and we awarded O'Connell this appeal.

I

O'Connell contends that the circuit court lacked in personam jurisdiction to enter the default orders against her because of material defects in obtaining service of process upon the Secretary, including a failure to file an affidavit setting forth O'Connell's last known address. O'Connell also notes that Bean could have had her personally served with process in the

2

District of Columbia under the provisions of Code § 8.01-320 but chose to use a method of constructive service of process under the long-arm statute.

Bean responds that her attorney's clerical error in failing to check a box in the Secretary's preprinted affidavit form, which would have incorporated into the affidavit O'Connell's last known address as shown in the caption of the form, did not rise to the level of a material deviation from the requirements of Code § 8.01-329. Bean further argues that the address shown in the caption of the document was a sufficient statement under oath of O'Connell's last known address. We disagree with Bean.

We have held that "[w]here a defendant has received personal service of process, irregularity will not defeat the court's jurisdiction, but if a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void." Khatchi v. Landmark Rest. Assoc., 237 Va. 139, 142, 375 S.E.2d 743, 745 (1989) (citations omitted). The express language of Code § 8.01-329 clearly requires that the affidavit, essential for valid constructive service upon the Secretary, "shall set forth the last known address of the person to be served." Code § 8.01-329(B). The affidavit in this case merely states that O'Connell is a nonresident but does not set forth her last known address. The

3

recitation of O'Connell's purported address shown in the caption of the document is not a sufficient statement under oath of O'Connell's last known address.

Additionally, O'Connell testified that she never received notice of Bean's action. Bean's evidence indicated, and the trial court found, that the Secretary's notice to O'Connell of the action was sent by registered mail, return receipt requested, and would normally have been delivered to O'Connell's office. However, the records in the Secretary's office could not establish that notice of the action was delivered to O'Connell or her office because those records did not contain the post office's certified mail form which would have confirmed that delivery. Further, the trial court did not find that O'Connell or her office actually received the suit papers.

Because the omission of O'Connell's last known address in the affidavit of Bean's attorney was a material failure to comply with the terms of Code § 8.01-329, the court lacked in personam jurisdiction over O'Connell at the time it entered the default orders and judgments. Hence, those orders and judgments are void, Khatchi, 237 Va. at 142, 375 S.E.2d at 745, and the court should have set them aside under the following pertinent provisions of Code § 8.01-428(A):

> Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment

4

by default or a decree pro confesso upon the following grounds: . . . (ii) a void judgment.

Therefore, we will reverse and set aside the default judgments.

II

Because O'Connell raises an issue of Bean's entitlement to punitive damages that may arise upon the retrial, we will consider it here. O'Connell argues that Bean cannot recover punitive damages either for a breach of O'Connell's fiduciary duty to Bean or for constructive fraud in misstating her ability to competently represent Bean in the divorce suit.[*] According to O'Connell, those alleged breaches arose from the contract and were not independent, willful torts beyond the alleged breaches of the implied duties arising under the contract. O'Connell relies primarily on <u>Kamlar Corp. v. Haley</u>, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983), in which we held that punitive damages could not be recovered for breach of a contract in the absence of a willful independent tort.

---

[*]Since the jury awarded no compensatory damages for actual fraud in the second trial on the issue of damages, there could be no award of punitive damages based on the claim of actual fraud. <u>Valley Acceptance Corp. v. Glasby</u>, 230 Va. 422, 432, 337 S.E.2d 291, 297 (1985). <u>See also</u> <u>Zedd v. Jenkins</u>, 194 Va. 704, 706-707, 74 S.E.2d 791, 793 (1953). Neither party contests the jury's finding and under the law of the case doctrine, both are bound thereby. <u>Lockheed Info. Mgmt. Sys. Co., Inc. v. Maximus. Inc.</u>, 259 Va. 92, 108, 524 S.E.2d 420, 429 (2000); <u>Searles v. Gordon</u>, 156 Va. 289, 294-98, 157 S.E. 759, 761-62 (1931). Accordingly, the issue of actual fraud will not be relitigated in any subsequent trial. <u>Id.</u>

Bean responds that "[s]he never [pled] that O'Connell also breached her contractual obligation to Bean," and that these counts of her action were claims of negligence and breach of fiduciary duty, neither of which is a contractual claim. We disagree with Bean.

But for the contract, O'Connell would have had no duties to Bean. Whatever duties O'Connell owed Bean arose from their attorney-client relationship, which was created by their contract. Lyle, Siegel, Croshaw & Beale v. Tidewater Capital Corp., 249 Va. 426, 432, 457 S.E.2d 28, 32 (1995). Implicit in a professional's contract of employment is the professional's duty to "'exercise the care of those ordinarily skilled in the business,'" Nelson v. Commonwealth, 235 Va 228, 235, 368 S.E.2d 239, 243 (1988) (quoting Surf Realty Corp. v. Standing, 195 Va. 431, 442-43, 78 S.E.2d 901, 907 (1953)) (architects), and to "exercise a reasonable degree of care, skill, and dispatch in carrying out the business for which he is employed," Ortiz v. Barrett, 222 Va. 118, 126, 278 S.E.2d 833, 837 (1981) (attorneys).

Even though the contractually implied duties of due care and fiduciary responsibility employ tort concepts, they, and principles relating thereto, may be applied to legal malpractice actions. Lyle, Siegel, Croshaw & Beale, 249 Va. at 432, 457 S.E.2d at 32 (contributory negligence). Nevertheless, "an

6

action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract."  Oleyar v. Kerr, 217 Va. 88, 90, 225 S.E.2d 398, 400 (1976) (contract statute of limitation applied to malpractice action arising from attorney's negligent title examination).

Hence, we conclude that Bean's assertions of breaches of fiduciary duty and constructive fraud, while sounding in tort, are actions for breaches of the implied terms of O'Connell's contract.  For this reason, punitive damages may not be awarded for any such breaches in the absence of an independent, willful tort giving rise to such damages.  Kamlar Corp., 224 Va. at 707, 299 S.E.2d at 518.

For the foregoing reasons, we will reverse the judgment and remand the case for a new trial.

Reversed and remanded.

7