# CIRCUIT COURT OF THE CITY OF NORFOLK

Geographic Network
Affiliates-International, Inc.,
D.P. Facilities, Inc.,
and Rise One, L.L.C.

v.

Enterprise for Empowerment Foundation
at Norfolk State University,
Norfolk State University, et al.

January 12, 2006

Case No. CL05-1618

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Norfolk State University's Plea in Bar in a lawsuit between plaintiffs Geographic Network Affiliates-International, Inc. (Geo), D.P. Facilities, and Rise One, L.L.C., and defendants Enterprise Empowerment Foundation and Norfolk State University (NSU).

*Facts*

The Board of Visitors of Norfolk State University created Enterprise Empowerment Foundation (E2F), a non-profit corporation, to oversee the construction of Rise Center, a high-tech, multi-use University facility. According to the Plaintiffs' Bill of Complaint, the parties entered into a contract wherein Geographic Networks and D.P. would lend their "expertise and connections in the

technology sector" in exchange for a partnership with E2F and NSU in the development of one of the buildings in the Rise Complex. The Parties allegedly reached a verbal agreement in October 2001 and a written "Definitive Agreement" in August 2002 confirming the contract between Geo, D.P., and E2F.

In February of 2003, Geo formed a limited liability company, Rise One, L.L.C., to secure private bond financing for the construction of one of the Rise buildings. Because E2F and NSU were unable to pay for the building up front, the parties signed an agreement permitting E2F to lease the building until the Commonwealth issued a bond enabling E2F to purchase the building from the Plaintiffs. After signing the Lease, however, the Defendants obtained alternate financing and unilaterally terminated their Lease and business relationship with the Plaintiffs.

The Plaintiffs assert that E2F acted as an agent of Norfolk State University and that Dr. Marie V. McDemmond, President of NSU and Chair of E2F, led them to believe that E2F possessed the authority to act on behalf of the University. The Plaintiffs allegedly believed that they were in fact contracting with Norfolk State University with respect to the Rise Center construction project.

After receiving notice that E2F planned to terminate its Lease and partnership with the Plaintiffs, a Geo official wrote Dr. McDemmond urging E2F to reconsider its decision in light of potential legal repercussions. According to an affidavit from Mark Gerard of Geo, the Plaintiffs subsequently discussed their claims with Dr. McDemmond and she refused to satisfy their demands.

The Plaintiffs then brought this lawsuit against E2F and Norfolk State University, asserting four causes of action against NSU: breach of fiduciary duty, breach of contract based on the verbal agreement, breach of contract based on the "Definitive Agreement," and breach of contract based on the Lease Agreement. Norfolk State University filed a Plea in Bar requesting that the Court dismiss NSU from the lawsuit because the Plaintiffs failed to comply with the Virginia Tort Claims Act, the Plaintiffs failed to follow the statutory procedures for bringing a pecuniary claim against the Commonwealth, and because sovereign immunity bars the Plaintiffs' causes of action by virtue of the Public Education Facilities and Infrastructure Act.

*Discussion*

*Statutory Requirements for Bringing
a Claim against the Commonwealth*

The Plaintiffs have complied with the basic statutory requirements for filing a pecuniary claim against the Commonwealth of Virginia. The statutory scheme laid out in Virginia Code §§ 2.2-814, 2.2-815, and 8.01-192 directs a

claimant to present his or her claim to the head of the division of the Commonwealth responsible for the alleged act or omission resulting in the cause of action, or, in certain instances, to the Comptroller. *See* Va. Code Ann. §§ 2.2-814, 2.2-815, and 8.01-192. Virginia Code § 8.01-192 states that the claimant's cause of action accrues when the agency head or Comptroller disallows the claim. *See* Va. Code Ann. § 8.01-192. After the Commonwealth disallows the claim, the claimant's cause of action accrues and he or she may seek redress in the appropriate circuit court. *Id.*

On September 8, 2003, Edward O. Fantegrossi, Chief Executive Officer of Geographic Networks, wrote a letter to Dr. McDemmond outlining the Plaintiffs' potential grounds for legal action against E2F. The letter states that "[r]efusal by E2F to rescind its notice of termination or promptly pursue, in good faith, alternative resolutions to this dispute will result in Geo turning the matter over to its legal counsel with instructions to aggressively pursue and preserve all its legal rights and remedies and to seek monetary damages and equitable relief." *See* Fantegrossi Letter at 2-3. The letter threatens future legal recourse, but does not make a present demand for damages.

Mr. Fantegrossi's letter to Dr. McDemmond, alone, does not satisfy the statutory notice requirement. However, when coupled with the affidavit from Mark Gerard, a Geo executive, the documents establish that the Plaintiffs presented their claims to the appropriate government official. According to Mr. Gerard's sworn statement, after E2F refused to reconsider terminating the relationship, the Plaintiffs discussed their damage claims with Dr. McDemmond. *See* Gerard Aff. & 36. Subsequently, in late February 2004, Mr. Gerard contacted Dr. McDemmond by telephone to inquire about the status of the Plaintiffs' claim. *Id.* at & 37. Dr. McDemmond informed Mr. Gerard that "she did not believe the Lease Agreement was a valid document, and that Plaintiffs' claims were accordingly rejected." *Id.* Assuming that the information contained in Mr. Gerard's affidavit is true, the Plaintiffs' cause of action against the Commonwealth accrued once Dr. McDemmond disallowed the Plaintiffs' claims for damages. The Plaintiffs then properly brought their action in this Court.

The Defendants correctly note that the Plaintiffs erred in failing to name the Comptroller of Virginia as a defendant in the lawsuit. Virginia statute requires that the Comptroller be a defendant in every pecuniary case against the Commonwealth. *See* Va. Code Ann. § 8.01-193. However, the Court grants the Plaintiffs' motion to amend their pleadings to include David A. Von Moll, Comptroller of the Commonwealth of Virginia, as a defendant pursuant to Virginia Code § 8.01-193.

*Breach of Fiduciary Duty*

Cause Seven of the Plaintiffs' Bill of Complaint requests damages from Norfolk State University based on breach of fiduciary duty. The Plaintiffs' three other claims against NSU are clearly contract actions, but breach of fiduciary duty can be considered as sounding in either contract or tort law. *Compare O'Connell v. Bean*, 263 Va. 176, 180, 556 S.E.2d 741, 743 (2002) (characterizing breach of fiduciary duty as a contract action), with *Carstensen v. Chrisland Corp.*, 247 Va. 433, 446, 442 S.E.2d 660, 668 (1994) (analyzing breach of fiduciary duty as a tort claim). If classified as a tort, the cause of action could not stand because Norfolk State University enjoys sovereign immunity from tort liability. *See Rector and Visitors of the University of Virginia v. Carter*, 267 Va. 242, 245, 591 S.E.2d 76, 78 (2004) (noting that the University of Virginia was entitled to common law sovereign immunity from tort liability because the Virginia Tort Claims Act did not waive the sovereign immunity of state agencies).

The Plaintiffs' claim for breach of fiduciary duty is best characterized as a contract cause of action. The only possible legal duties existing between the parties in this case are those arising out of the alleged contractual relationship. The Virginia Supreme Court has found that when a party neglects a duty that exists solely by virtue of a contract, the resulting breach of fiduciary duty action sounds in contract law. *See Foreign Mission Board of the Southern Baptist Convention v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991), and *O'Connell*, 263 Va. at 180, 556 S.E.2d at 743 (2002). Applying this reasoning to the present case, the Court finds that Norfolk State University's sovereign immunity to tort liability does not preclude the Plaintiffs' cause of action for breach of fiduciary duty.

*Sovereign Immunity*

Furthermore, the Court finds that sovereign immunity does not bar the Plaintiffs' breach of contract claims. The Plaintiffs allege a contract between the parties for the exchange of goods and services: the Plaintiffs' lent their expertise and connections in the technology sector in exchange for the Defendants' granting the Plaintiffs an interest in the development and construction of the Rise Two building. Virginia recognizes an exception to sovereign immunity for these types of contracts entered into by government agencies. *See Wiecking v. Allied Medical Supply Corp.*, 239 Va. 548, 552, 391 S.E.2d 258, 261 (1990) (holding that "the doctrine of sovereign immunity has no application in actions based upon valid contracts entered into by duly authorized agents of the

government); *Burroughs v. Board of Visitors of Norfolk State University*, 66 Va. Cir. 120, 124 (2004) (finding that sovereign immunity did not bar a breach of employment contract action against Norfolk State University). To the extent that the Plaintiffs can establish that the Defendants defaulted on a contract for goods and services entered into by an authorized government agent, sovereign immunity does not shield Norfolk State University.

Moreover, the Public-Private Education Facilities and Infrastructure Act (PEFIA) does not affect the contract liability of the Commonwealth in this lawsuit. The PEFIA states that it should not be construed as waiving sovereign immunity for any public entity participating in a qualifying project under the Act. *See* Va. Code Ann. § 56-575.15. However, in this case, the Commonwealth does not need to statutorily waive sovereign immunity because "we have never extended that defense to actions based upon valid contracts entered into by duly authorized agents of the government." *See Wiecking*, 239 Va. at 551, 391 S.E.2d at 260 (1990). The PEFIA preserves the status quo of sovereign immunity, meaning that the Commonwealth retains its immunity against tort liability, but remains exposed to certain types of contract liability.

*Conclusion*

Going forward, the Plaintiffs have the burden to prove that Norfolk State University was legally bound to a contract entered into by the Plaintiffs and Enterprise for Empowerment Foundation. At this stage in the lawsuit, however, the Court overrules Norfolk State University's Plea in Bar. The Court finds that the Plaintiffs substantially complied with the statutory requirements for bringing their contract actions against the Commonwealth and grants the Plaintiffs' motion to add the Comptroller of Virginia as a necessary party.