# CIRCUIT COURT OF FAIRFAX COUNTY

Edward Don & Co.

v.

Istriana, Inc.,
and Peter Lupo

June 8, 2006

Case No. CL-2003-216997

BY JUDGE JONATHAN C. THACHER

This matter came on February 24, 2006, for a hearing on Defendant Peter Lupo's Motion to Set Aside Default Judgment and to Quash Return of Service. After considering counsels' arguments and reviewing the applicable rules, the Court reaches the findings and conclusions stated below.

## I. Background

On or about July 24, 2002, Defendant Istriana, Inc. ("Istriana") allegedly purchased from Plaintiff Edward Don and Company ("Don") a substantial supply of restaurant supplies and equipment for delivery to its "Lupo's Italian Chop House" in College Park, Maryland. Such equipment was purportedly delivered by Don as ordered. Defendant Peter Lupo ("Lupo") allegedly guaranteed payment for such purchases by "Individual Personal Guarantee" on the Istriana Credit Application. Don has not received payment from Istriana. A statement of accounting shows that the total charges for sales of $89,364.94 have been ostensibly due and outstanding since about October 10, 2002. Don sought judgment against Defendants Istriana, Inc., and Peter Lupo, jointly and severally, in the amount of $89,364.94, plus interest at 12% *per annum* from October 10, 2002, attorney's fees of 15%, and its costs.

On August 27, 2003, the Motion for Judgment was filed by the Plaintiff. The Clerk of this Court issued process to a private process server on

September 9, 2003. According to an Affidavit of Service filed by the process server, the Motion for Judgment and Notice of Motion for Judgment were posted at Lupo's address on September 17, 2003. The Affidavit was filed with the Clerk's office on October 31, 2003. Default judgment was entered against both Defendants, jointly and severally, on February 20, 2004, in the amount of $89,364.94, with interest of 12% from the date of judgment, plus attorney's fees in the amount of $13,404.94.

## II. *Discussion*

Defendant Lupo's Motion claims that the Affidavit of Service fails to clearly identify the person being served in that the Affidavit indicates the person being served as "Peter Lupo, et al.," the abbreviation "et al." meaning "and others" and thus does not specify the persons being served. Lupo also argues that the Notice of Motion for Judgment and the Motion for Judgment were served on Lupo more than five days after receipt by the process server, in violation of then Rule 3:4 (now Rule 3:6) of the Rules of the Supreme Court of Virginia. Lupo further contends that return of service was not made within 72 hours of service, in violation of then Rule 3:4 (now Rule 3:6) and Va. Code § 8.01-325. Thus, Lupo argues that the default judgment entered against him is void because, "if a statute provides for constructive service, the terms of the statute must be strictly followed or the service will be invalid and any default judgment based upon it will be void." *O'Connell v. Bean*, 263 Va. 176, 179, 556 S.E.2d 741 (2002).

Plaintiff Don responds that all three of Lupo's arguments are without merit. Lupo is the only individual named on the Affidavit and the service address on the Affidavit is identical to that associated with his name on the face of the Motion for Judgment. Don contends that even if service was made on "Peter Lupo, et al.," it was still made on Peter Lupo. Don also states that Va. Code § 8.01-294 includes a saving clause that failure to make return of service within 72 hours shall not invalidate service of process or any judgment based thereon. This language applies not only to the sheriff or other officer, but also to private process servers. Further, Rule 3:6 states that failure to make timely service and return shall not prejudice the rights of any party, except as provided in Rule 3:5. The pertinent section of Rule 3:5 deals with service made more than one year after the commencement of an action and is inapplicable to these facts. The service and return deadlines, while constituting a burden or duty on the process server, cannot serve as the basis of a motion to set aside default judgment.

## Timeliness of Service and Return of Service

The Defendant's argument that the default judgment rendered against him is void as it was rendered without proper constructive service is without merit. The Defendant cites *O'Connell v. Bean*, which states that "where a defendant has received personal service of process, irregularity will not defeat the court's jurisdiction, but if a statute provides for constructive service, the terms of the statute must be strictly followed or the service will be invalid and any default judgment based upon it will be void." *O'Connell v. Bean*, 263 Va. 176, 179, 556 S.E.2d 741 (2002). *O'Connell* rests on the failure of the service to include the last known address of the defendant, and the Court noted that the defendant in that case had not received actual notice, which is not argued by the Defendant in the present case. Furthermore, the cases that follow *O'Connell*, regarding the strict adherence to the statute for constructive service to be valid, all find service invalid for material problems with the service itself, rather than the time limitations for service or return of service. *Harrel v. Preston*, cited by the Defendant, found service invalid because it did not include the required affidavit. *Harrel v. Preston*, 15 Va. App. 202, 421 S.E.2d 676 (1992). The rule from *O'Connell v. Bean*, that a statute authorizing constructive service must be strictly followed or the judgment based thereupon is void, specifically states that "the terms of the statute," meaning the statute that authorizes constructive service, must be strictly followed. Here, there is no allegation that the statute allowing constructive service by posting was not followed; rather, the allegation is that former Rule 3:4 was not strictly followed.

The Defendant argues that process of service did not comply with Rule 3:4 (now Rule 3:6), then in effect, which requires all persons eligible to serve process to do so within five days of receipt of process and then make return within 72 hours of service. Rule 3:6 states that failure to make timely service and return shall not prejudice the rights of any party, except as provided in Rule 3:5. Rule 3:5 states that "[n]o judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him" and is not applicable here, where service in this case was eight days after receipt by the process server. It is Rule 3:6 that is alleged to have been violated, not the statute that authorizes constructive service by posting, which is Va. Code § 8.01-296. The saving language of Va. Code § 8.01-294 clearly states "failure to make return of service of process by anyone authorized to serve process under § 8.01-293 within the time specified in this section shall not invalidate any service of process or any judgment based thereon." This prohibits this Court from setting

aside the judgment on these grounds. Defendant does not appear to have been prejudiced by late return of service, and, therefore, the Defendant's arguments fail with regard to declaring service faulty due to time requirements.

### Identity of Person Served

The Defendant argues that the Affidavit of Service fails to clearly identify the person being served because it indicates the person being served is listed as "Peter Lupo, et al." Et al. is shorthand for *et alii,* which means "and others," so the Defendant contends that the Affidavit does not strictly specify the person purportedly being served. The Plaintiff's response states that Defendant Lupo is the only individual named on the Affidavit and the service address on the Affidavit is identical to that associated with his name on the face of the Motion for Judgment. The Plaintiff argues that, even if the service was made on Peter Lupo, et al., it was still made on Defendant Lupo.

The Defendant does not make an argument that he did not receive actual notice, that he did not understand service was meant for him, or that the notation of "et al." was prejudicial to his position. Actual notice was effectuated and to set aside a judgment because of the notation of "et al." is, in the opinion of this Court, unjustified.

### II. Conclusion

Defendant Peter Lupo's Motion to Set Aside Judgment and Quash Return Service is denied.