723 S.E.2d 790 (2012)
NEW HANOVER COUNTY CHILD SUPPORT ENFORCEMENT on behalf of Angel E. BEATTY, Plaintiff,
v.
Tommy D. GREENFIELD, Defendant.
No. COA11-1086.
Court of Appeals of North Carolina.
March 20, 2012.
*791 Johnson, Lambeth & Brown, Wilmington, by Maynard M. Brown, Carter T. Lambeth & Christopher C. Loutit, for plaintiff-appellee.
Highsmith Law Firm, P.A., Wilmington, by Mose L. Highsmith and James Zisa, Attorneys by James Zisa, for defendant-appellant.
STEELMAN, Judge.
Service of process was made by a person that was qualified to make service under Rule of Civil Procedure 4. The affidavit of service was not fatally vague as to the method of service because competent evidence supported a factual finding that the process server personally delivered a copy of the *792 summons and complaint to the defendant. The trial court did not err in denying the defendant's motion to dismiss for insufficiency of service of process.

I. Background and Procedural History
This appeal concerns an action to establish paternity and to obtain child support for a minor child, T.G., born 6 December 1996. On 8 March 2002, the New Hanover County Child Support Enforcement Agency ("plaintiff"), on behalf of the child's mother, Angel E. Beatty, filed a complaint seeking establishment of paternity and child support. The complaint alleged that Tommy D. Greenfield ("defendant") was the father. Plaintiff then attempted service on defendant no fewer than six times at six different addresses in Atlanta, Georgia; Milwaukee, Wisconsin; New York, NY; and Stamford, Connecticut over a period of about four years.
Finally, on 25 October 2005 in Richmond, Virginia, Eddie W. Null, Sr. served defendant with a summons, notice of hearing, complaint, and subpoena, according to an affidavit Null executed that day. After a hearing on 15 March 2006, the trial court determined defendant was T.G.'s father and ordered defendant to pay $696 per month in child support as well as retroactive support of $4176. Several orders to show cause were issued when defendant failed to make any payments. On 31 March 2011, defendant filed a motion to dismiss on the grounds of lack of personal jurisdiction (Rule of Civil Procedure 12(b)(2)) and insufficiency of service of process (Rule of Civil Procedure 12(b)(5)). The trial court denied defendant's motion.
Defendant appeals.

II. Service of Process
In his only argument, defendant contends that service of process was defective. We disagree.

A. Standard of Review
We review de novo questions of law implicated by the denial of a motion to dismiss for insufficiency of service of process. Cf. A.H. Beck Found. Co. v. Jones Bros., 166 N.C.App. 672, 678, 603 S.E.2d 819, 823 (2004) (reviewing the denial of a motion to dismiss for lack of personal jurisdiction). The trial court's factual determinations are binding on this court if supported by competent evidence. Cf. id. However, a trial court is not required to make findings of fact in an order denying a motion to dismiss for insufficiency of process. See N.C. Gen.Stat. § 1A-1, Rule 52(a)(2) (2011). When the trial court does not make findings of fact and no party has requested them, "it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment." Rossetto USA, Inc. v. Greensky Fin., LLC, 191 N.C.App. 196, 199-200, 662 S.E.2d 909, 912 (2008) (internal quotation marks omitted). In such a case, we determine whether there is competent evidence in the record to support these presumed findings of fact. Id. at 200, 662 S.E.2d at 912.

B. Analysis
Defendant contends service was invalid because Null did not meet the qualifications for serving process under Rule of Civil Procedure 4. In North Carolina, N.C. Gen. Stat. § 1A-1, Rule 4(a) (2011) establishes who may make service of process for a North Carolina action. Rule 4 states that when service is made outside of North Carolina, the process server must be (1) "anyone who is not a party and is not less than 21 years of age" or (2) "anyone duly authorized to serve summons by the law of the place where service is to be made." N.C. Gen.Stat. § 1A-1, Rule 4(a).
N.C. Gen.Stat. § 1-75.10(a)(1) (2011) provides the method of establishing whether these rules were satisfied. When a defendant is personally served out of state, proof of service may be established by an affidavit executed by the process server. N.C. Gen. Stat. § 1-75.10(a)(1)(b). That affidavit must show, among other things, the process server's "qualifications to make service under Rule 4(a) or Rule 4(j 3) of the Rules of Civil Procedure." Id. These qualifications may also be established in accordance with the proof of service rules of the state where service is made. Id.
N.C. Gen.Stat. § 1-75.10(a)(1) provides that if an affidavit demonstrates that service has been made in compliance with Rule 4(a), the plaintiff has provided proof of service. Rule 4(a) states that a person is *793 qualified to make service if they are qualified in the state in which service is made. Therefore, if the affidavit establishes that the process server was authorized to make service in the state in which service was made, the plaintiff has provided valid proof of service with respect to the process server's qualifications. Accordingly, N.C. Gen.Stat. § 1-75.10(a)(1) and Rule 4(a) will be satisfied concerning process server qualifications.
Null's affidavit states that he was over the age of eighteen and not a party to or otherwise interested in the action at the time of service. Under Rule 4(a), Null must qualify under Virginia law because the affidavit does not state he was twenty-one or older. In Virginia, "[a]ny person of age 18 years or older and who is not a party or otherwise interested in the subject matter in controversy" is authorized to serve process. Va.Code. Ann. § 8.01-293(A)(2) (2007). Null's affidavit affirmatively demonstrates that he was qualified to effect service under Rule 4(a) as required by N.C. Gen.Stat. § 1-75.10(a)(1).
Defendant contends service was defective under Harrel v. Preston, 15 Va.App. 202, 421 S.E.2d 676 (1992). That decision governs proof of service under Virginia law. The rules governing proof of service are distinct from the qualifications of a process server. When service is made under the law of another state, North Carolina's proof of service statute still controls. Under that statute, there is no need to establish proof of service in accordance with the law of the state where service was made if proof of service is shown to be in accordance with North Carolina law. See N.C. Gen.Stat. § 1-75.10(a)(1). In this case, proof of service was established pursuant to North Carolina law. Therefore, Virginia's proof of service law does not apply.
Defendant also argues that the affidavit of service is defective because it is too ambiguous as to the manner of service. N.C. Gen.Stat. § 1A-1, Rule 4(j) (2011) establishes the manner of service necessary to exercise personal jurisdiction. One acceptable method is "[b]y delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Id. § 1A-1, Rule 4(j)(1)(a). Null's affidavit states:
On the 25th day of October, 2005, at 5:25 PM, at the address of 703 N 35th Street, RICHMOND, Richmond City County, VA; this affiant served the above described documents upon TOMMY D GREENFIELD, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with TOMMY D GREENFIELD, black male, 40's, black hair, 5-11/190, person of suitable age and discretion who stated the above address to be the residence and usual place of abode of themselves and the subject(s) and/or subjects legal representative listed above. (Bold typeface omitted.)
This affidavit states that defendant was personally served and gives a physical description of defendant. He does not challenge this physical description on appeal. However, the affidavit also makes reference to a "person of suitable age and discretion." It was for the trial court to resolve any ambiguity in the return of service. Because none of the parties requested that the trial court make findings of fact, we presume the trial court made sufficient findings of fact to support the court's ruling that service was valid. Rossetto USA, 191 N.C.App. at 199-200, 662 S.E.2d at 912. One factual finding that the trial court would have to make in order to support its ruling was that Null personally delivered a copy of the summons and complaint directly to defendant and neglected to delete the extraneous text. There is competent evidence to support this findingnamely, the language in Null's affidavit stating he served defendant personally and providing a physical description of defendant.
Defendant's argument that service of process was invalid is without merit.

III. Conclusion
Defendant has failed to establish that the order appealed from is void because service of process was improper. The order is
AFFIRMED.
Judges GEER and HUNTER, JR., ROBERT N. concur.